**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

PASTOR STEPHEN UKO UDOH,      :   Civil Action No. 13-7490 (FLW)(LHG)
                              :
                   Plaintiff, :            **OPINION**
                              :
       v.                     :
                              :
GLENN FERGUSON, ELIZABETH     :
HOGAN, TONI-LYNNE CALABRESE,  :
ED MCGOWAN, PENELOPE MAUER,   :
NYDIA SANTOS, PATRICIA FOUNDOS,:
and ANN KLEIN FORENSIC CENTER,:
                              :
                   Defendants.:
_____:

**WOLFSON, United States District Judge**:

Before the Court is the motion of Defendants Ann Klein Forensic Center ("Ann Klein"), Toni-Lynne Calabrese, Glenn Ferguson, Patricia Foundos, Elizabeth Hogan, Penelope Mauer, Ed McGowan, and Nydia Santos (the "Individual Defendants") (collectively, with Ann Klein, "Defendants") to dismiss the Amended Complaint of *pro se* Plaintiff Stephen Uko Udoh. Plaintiff brings claims against Defendants under 42 U.S.C. §§ 1983 and 1985, arising from his January 2012 to May 2013, involuntary commitment to Ann Klein Forensic Center, a psychiatric hospital. Plaintiff seeks $15 billion in monetary damages. Defendants contend that this Court lacks subject matter jurisdiction over the claims in the Amended Complaint as raised against Defendant Ann Klein and the Individual Defendants, to the extent sued in their official capacities, and move for dismissal, pursuant to Fed. R. Civ. P. 12(b)(1), under the Eleventh Amendment to the United States Constitution. Further, the Individual Defendants contend that they are entitled to dismissal of the Amended Complaint against them, to the extent raised in

1

their individual capacities, under the doctrine of qualified immunity. Finally, Defendants argue that Plaintiff has failed to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Court finds that Defendant Ann Klein and the Individual Defendants, to the extent sued in their official capacities, are entitled to Eleventh Amendment immunity, and the Court therefore lacks jurisdiction over Plaintiff's Amended Complaint as raised against them. Further, the Court finds that Plaintiff has failed to state a claim against all Defendants, but, mindful of the considerable latitude afforded to *pro se* litigants, and the procedural posture of this case, Plaintiff should be given leave to amend for a second and final time. As explained, *infra*, the Court is unable at the present time to evaluate the Individual Defendants' entitlement to qualified immunity, due to the paucity of factual allegations in the Amended Complaint and the absence of supplementary facts from Defendants. Plaintiff's Amended Complaint is therefore dismissed with prejudice against Defendant Ann Klein and against the Individual Defendants in their official capacities, and without prejudice against the Individual Defendants in their individual capacities.

I. FACTUAL BACKGROUND

The allegations in the Amended Complaint now before the Court are extremely limited. Plaintiff alleges:

> Between January 6, 2012, and May 2013, Defendants violated Plaintiff civil and constitutional rights to appear before a judge for Plaintiff hearing. Between January 2012 and May 2013, Defendants unlawfully incarcerated Plaintiff even after Plaintiff was cleared twice by the IMAR-medication court to be transferred back to jail. Between January 2013 and May 2013, Defendants conspired against Plaintiff by forging a letter against Plaintiff that Plaintiff was sending a threatening letters to Judge Rubin without no proof of evidence to show.

The Court reads the Amended Complaint as setting forth three potential bases for the violation of Plaintiff's constitutional rights: (i) the denial of a hearing; (ii) the denial of a transfer

out of Ann Klein that was approved by some other body, the "IMAR-medication" court; (iii) conspiracy to either fabricate evidence against Plaintiff or submit a false report of Plaintiff's conduct – the phrase "forging a letter against Plaintiff" is ambiguous. Importantly for the purposes of the present motion, however, the Complaint does not set forth the basis of Plaintiff's entitlement to a hearing or a transfer, nor does it identify the specific conduct of each of the Individual Defendants alleged to be injurious of his constitutional rights.

II. PROCEDURAL HISTORY

Plaintiff filed his original Complaint against all Defendants on December 13, 2013, along with an application to proceed without prepayment of fees or costs. On December 16, 2013, another judge in this District, the Hon. Joel A. Pisano, now retired, granted Plaintiff's application to proceed *in forma pauperis*, but dismissed Plaintiff's Complaint as inadequately pleaded under Fed. R. Civ. P. 8. Judge Pisano administratively terminated the action, but granted Plaintiff leave to amend to correct his pleading deficiencies and to move to reopen the case within thirty days. On January 13, 2014, Plaintiff filed the Amended Complaint in this action. Plaintiff moved to reopen the case on April 14, 2014. On April 15, 2014, Judge Pisano granted Plaintiff's motion, finding "that Plaintiff filed an amended Complaint on January 13, 2014, within the thirty (30) day period that contains a 'short and plain statement of the claim' in accordance with Rule 8." ECF No. 8.

On April 14, 2014, Plaintiff also filed an application for the appointment of pro bono counsel. Magistrate Judge Tonianne J. Bongiovanni denied Plaintiff's application, without prejudice, on June 25, 2014, "finding that Plaintiff's claims have arguable merit in fact and law," but that, considering the weight of the other *Tabron* factors, appointment of counsel was not appropriate. ECF No. 14. Plaintiff filed a renewed application for pro bono counsel on July 14,

2014, which again was denied, without prejudice on July 24. Plaintiff then filed two additional applications for pro bono counsel on July 31 and August 26, 2014.

While Plaintiff's successive applications were pending, Defendants moved to dismiss on October 22, 2014, arguing Eleventh Amendment immunity, qualified immunity, and failure to state a claim. Plaintiff opposed the motion on November 17, 2014, but also filed a separate "Motion to Oppose Defendants Motion to Dismiss" and "Motion Ordering a Separate Trial," both on November 25, 2014. During this time, Plaintiff's successive motions for appointment of pro bono counsel and his conduct during the process of the litigation called into question Plaintiff's competence to prosecute his case. Magistrate Judge Bongiovanni therefore appointed pro bono counsel for Plaintiff for the purpose of obtaining a psychiatric competency evaluation.

On March 10, 2015, following the retirement of Judge Pisano, the matter was transferred to me while the parties awaited the outcome of the competency evaluation, which was to be prepared by July 17, 2015. During this period, Plaintiff began calling the Court between midnight and 3:00 a.m., leaving numerous, agitated voice messages, which were largely unintelligible. On July 30, 2015, therefore, shortly after Plaintiff's competency report was submitted, Magistrate Judge Bongiovanni issued a letter order directing Plaintiff to cease calling the Court directly while represented by counsel, relating that, on the basis of the report, Plaintiff had been found competent to prosecute his case, but finding that a new appointment of pro bono counsel to represent Plaintiff in the matter generally rather than in the limited context of the competency evaluation would be appropriate. The Court appointed the law firm of Connell Foley, LLP, to represent Plaintiff on December 14, 2015. Plaintiff terminated his counsel and requested their removal from the docket by letter filed April 22, 2016. During and after this period, Plaintiff also submitted a flurry of *pro se* letter motions, including a "Motion to Reopen

4

Case," a "Motion to Change Venue," and yet another request for the appointment of pro bono counsel. In his March 10, 2016, "Motion to Change Venue" Plaintiff requested that this matter be reallocated to a different judge sitting in the Newark vicinage, on the grounds that the District Court in Trenton was "racist." Chief Judge Simandle denied Plaintiff's motion on March 23, 2016, as lacking any legitimate basis. During this period Plaintiff also filed a premature appeal of the action to the Third Circuit Court of Appeals, which dismissed Plaintiff's appeal for lack of jurisdiction on September 26, 2016.

Despite Plaintiff's conduct and frivolous filings, Magistrate Judge Bongiovanni afforded Plaintiff a final opportunity for attorney representation by appointing the law firm of Blank Rome, LLP, as Plaintiff's counsel on January 30, 2017. On March 1, 2017, Plaintiff's appointed counsel requested to withdraw, explaining in a letter to the Court that after counsel had met with Plaintiff, Plaintiff sent counsel correspondence, including personal attacks against counsel, and left a voice mail message indicating that Plaintiff no longer wished to be represented by counsel. Plaintiff submitted a letter on March 22, 2017, indicating that he did not oppose counsel's withdrawal and that Plaintiff's family would obtain substitute counsel for him. The Court granted appointed counsel's request to withdraw on March 28, 2017.

Plaintiff was granted multiple extensions of time in which to retain counsel, and was finally ordered by the Court to obtain counsel or proceed *pro se* by July 14, 2017. Plaintiff responded on July 19, 2017, with yet another application for the appointment of pro bono counsel, and on July 20, 2017, by renewing his motion to transfer venue to the Newark vicinage. During this period Plaintiff also resumed making alternatively threatening and incomprehensible telephone calls to the Court in the early hours of the morning; accordingly, on July 20, 2017, the

Court ordered Plaintiff to restrict his calls to the Court to business hours and to the substance of his pending case.

Magistrate Judge Bongiovanni denied Plaintiff's application for the appointment of pro bono counsel on August 11, 2017. Plaintiff then filed three additional applications for pro bono counsel on August 30, 2017; September 21, 2017; and December 8, 2017. Plaintiff also filed three additional, and duplicative Motions for Change of Venue on September 21, 2017; December 13, 2017; and January 8, 2018.

As a threshold matter, before addressing the present motion to dismiss, the Court notes that Plaintiff has filed four "Motions to Change Venue," which are properly construed as motions for reallocation of this matter to a different judge within the District. In his motions, Plaintiff alleges, without factual basis, that this Court is racist, and requests that the matter be transferred to a judge in the Newark vicinage. Local Civil Rule 40.1(e) states that the disposition of any request for reallocation "shall be upon order of the Chief Judge." Here, however, Plaintiff's July 20, 2017; September 21, 2017; December 13, 2017; and January 8, 2018, motions for reallocation are substantively identical to, and duplicative of, his March 10, 2016 "Motion to Change Venue," which was denied by then Chief Judge Simandle on March 23, 2016. Accordingly, in the absence of any new factual allegations, Plaintiff's motions for reallocation are denied as already decided by, and for the reasons set forth in, Judge Simandle's Order.  The Court therefore continues to the consideration of the present motion to dismiss.

III. STANDARD OF REVIEW

   A. Fed. R. Civ. P. 12(b)(1)

"Under Fed. R. Civ. P. 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer*

*Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). Eleventh Amendment immunity may be invoked through a 12(b)(1) motion as depriving the Court of subject matter jurisdiction. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 694, n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984)). Fed. R. Civ. P. 12(b)(6).

   B. Fed. R. Civ. P. 12(b)(6)

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Evancho,* 423 F.3d at 351. It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Baldwin Cnty. Welcome Ctr. v. Brown,* 466 U.S. 147, 149–50 n. 3 (1984) (quotation and citation omitted). A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" *Bell Atlantic v. Twombly,* 550 U.S. 544, 583 (2007) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for all civil actions.") (internal citations omitted); *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) ("*Iqbal* . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*.").

Following the *Twombly/Iqbal* standard, the Third Circuit applies a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Fowler,* 578 F.3d at 210. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* A complaint must do more than allege the plaintiff's entitlement to relief. *Id.* However, this standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly,* 127 S. Ct. at 1965); *see also Covington v. Int'l Ass'n of Approved Basketball Officials,* 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim. . . . The pleading standard is not akin to a probability requirement, . . . to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief." (citations omitted)). Nonetheless, a court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429–30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. *Hedges v. U.S.,* 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991)). Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. *Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,* 181 F.3d 410, 426 (3d Cir. 1999).

Plaintiff in this matter is proceeding, *pro se*. "The obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d

Cir. 2011) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)). "Courts are to construe complaints so 'as to do substantial justice,' Fed. R. Civ. P. 8(f), keeping in mind that *pro se* complaints in particular should be construed liberally." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). "Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). "[T]here are limits to [the courts'] . . . flexibility. . . . [P]ro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). "Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." *Grohs*, 984 F. Supp. 2d at 282 (citing *Milhouse v. Carlson,* 652 F.2d 371, 373 (3d Cir. 1981)).

III. ANALYSIS

"The United States Supreme Court has explained that 'a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction.'" *Bolick v. Sacavage*, 617 F. App'x 175, 177 (3d Cir. 2015) (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.,* 549 U.S. 422, 430–31 (2007)). The Eleventh Amendment is jurisdictional in nature. *Id.* at 177 (citing *Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 693 n. 2 (3d Cir.1996) (Eleventh Amendment)). Defendants' other bases for dismissal, including qualified immunity and failure to state a claim are non-jurisdictional grounds. The Court therefore first addresses Defendants' Eleventh Amendment jurisdictional challenge.

A. Eleventh Amendment Immunity

"A state is generally entitled to immunity in federal court from suits by private parties, including their own citizens. This protection from suit extends to state agencies as well as state officials sued in their official capacities for monetary damages." *A.W. v. Jersey City Pub. Sch.*, 341 F.3d 234, 238 (3d Cir. 2003). Ann Klein is a state hospital, created by statute. *See N.J. Stat. Ann.* § 30:1-7. Accordingly, Ann Klein is an arm of the state entitled to immunity under the Eleventh Amendment because it is created by the state, the state controls and funds it, it has no authorization to sue or be sued in its own right, and any judgment against it would be taken out of the state treasury. *Pratt v. Ann Klein Forensic Ctr.*, No. CV 15-5779, 2016 WL 660664, at *2–4 (D.N.J. Feb. 18, 2016). Moreover, on this basis courts in this district routinely afford Ann Klein sovereign immunity. *Id.*; *Hobson v. Tremmel*, No. 11-4590, 2013 WL 3930132, at *4 (D.N.J. July 30, 2013); *Brown ex rel. Payton v. Ancora Psychiatric Hosp.*, No. 11-7159, 2012 WL 4857570, at *1 (D.N.J. Oct. 11, 2012) (citing multiple cases). Dismissal with prejudice of all claims against Defendant Ann Klein in this matter is thus appropriate. Furthermore, as noted above, "employees sued in their official capacity are also entitled to Eleventh Amendment immunity because official-capacity suits generally represent only another way of pleading an action against the state." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254. (3d Cir.2010) (internal citation and quotations omitted). Thus, Plaintiff's § 1983 official capacity claims against the Individual Defendants should also be dismissed with prejudice.[1]

---

[1] There are only three exceptions to Eleventh Amendment immunity: "(1) abrogation by an Act of Congress, (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law." *M.A. ex rel. E.S. v. State–Operated Sch. Dist.*, 344 F.3d 335, 345 (3d Cir. 2003). No exceptions apply in the case at bar with respect to any of the Defendants. Eleventh Amendment immunity has not been abrogated by Congress with respect to § 1983 suits against the States. *Quern v. Jordan*, 440 U.S. 332, 345 (1979) ("§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States; nor does it have a history which focuses directly on the question of state liability and which shows that Congress considered and firmly decided to

B. Qualified Immunity and Rule 12(b)(6)

After this Court's sovereign immunity finding above, the only claims in the Amended Complaint remaining are Plaintiff's claims against the Individual Defendants in their individual capacities. Defendants move to dismiss these claims on the grounds of qualified immunity and for failure to state a claim. To establish a § 1983 claim, a plaintiff must demonstrate that the alleged conduct was committed by "(1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Stahl v. Main,* No. 07–4123, 2008 WL 2446816, at *3 (D.N.J. June 16, 2008). Under the doctrine of qualified immunity, state actors performing discretionary functions "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). More simply stated, qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Saucier v. Katz,* 533 U.S. 194, 199, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (citation omitted). To overcome qualified immunity, a plaintiff must plead facts sufficient to show that: (1) the official violated a statutory or constitutional right; and (2) "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*, 555 U.S. at 232 (citation omitted); *Mammaro v. New Jersey Div. of Child Prot. & Permanency*, 814 F.3d 164, 168–69 (3d

---

abrogate the Eleventh Amendment immunity of the States."). Moreover, it is well-established that "[t]he State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court." *Mierzwa v. United States*, 282 Fed. Appx. 973, 976 (3d Cir. 2008). Finally, in his Amended Complaint, Plaintiff seeks monetary damages against all Defendants, without specifying whether his suit is brought against the Individual Defendants in their official or individual capacities. Reading Plaintiff's Amended Complaint broadly to allege both official and individual capacity suits, the Court finds that the Individual Defendants are entitled to Eleventh Amendment immunity to the extent sued in their official capacities.

Cir. 2016) (citation omitted). A right is clearly established if it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (internal quotation marks and citation omitted). The Court has discretion to approach these steps in the sequential order that it deems "most appropriate for the particular case before [it]." *Santini v. Fuentes*, 795 F.3d 410, 418 (3d Cir. 2015) (citing *Pearson*, 555 U.S. at 236). Finally, the burden of proving the affirmative defense of qualified immunity rests on the party seeking to invoke it. *See Thomas v. Independence Twp.*, 463 F.3d 285, 292 (3d Cir. 2006) (citation omitted); *Hicks v. Feeney*, 850 F.2d 152, 159 (3d Cir. 1988) (citation omitted).

Here, Defendants contend that Plaintiff has failed to plead, at step one, how any of the Individual Defendants, who are admittedly state officials acting under color of law, violated any of Plaintiff's statutory or constitutional rights. Defendants' arguments in support of their motion to dismiss under Fed. R. Civ. P. 12(b)(6) follow on much the same lines. Looking to the allegations of the Amended Complaint, Plaintiff contends (i) that he was denied a hearing; (ii) that he was denied a transfer from Ann Klein to a county jail; and (iii) that unspecified "Defendants" "forged" a letter, which either falsely implicated Plaintiff in threatening a judge or falsely reported that he had threatened a judge. Reviewing Plaintiff's contentions, the Court agrees with Defendants that Plaintiff has failed to plead, at step one of the qualified immunity analysis, that the Individual Defendants violated his statutory or constitutional rights. Regarding the hearing that Plaintiff was allegedly denied, because of the lack of context in Plaintiff's Amended Complaint, the Court cannot determine whether the hearing in question was one to which Plaintiff was entitled by law. The same holds true for the transfer Plaintiff was allegedly denied. Different legal standards apply in considering a claim for an exercise of discretion in

12

denying a change in the conditions of confinement and for deprivation of a legal entitlement. *See Youngberg v. Romeo,* 457 U.S. 307, 323 (1982) (decisions rendered by a professional state actor are "presumptively valid," and are found to have violated a plaintiff's rights "only when the decision . . . is such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such judgment."). From the allegations in the Amended Complaint, it is impossible for the Court to discern whether Plaintiff was legally entitled to the transfer. *Cf. Brandt v. Ganey*, No. CIVA3:06CV5639FLW, 2008 WL 5416393, at *9–10 (D.N.J. Dec. 22, 2008) (finding that an involuntarily committed patient had stated a violation of statutory rights in challenging the conditions of his confinement). Finally, it is not clear what right, if any, Plaintiff believed was infringed by the forged letter.

Most importantly, however, with respect to both the denial of hearing and transfer and the alleged forgery of a letter, Plaintiff has failed to identify the specific conduct of each of the Individual Defendants involved with the alleged violations. Even presuming that Plaintiff properly brought this action against the Individual Defendants in their individual capacities, the Court nevertheless finds that the Amended Complaint, as written, does not adequately provide any facts showing that any Defendant was personally involved in violating his due process rights. *See Iqbal,* 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Robertson v. Sichel,* 127 U.S. 507, 515–16, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under hi m, in the

discharge of his official duties"); *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). Accordingly, because Plaintiff is required to plead the personal involvement of each Defendant in the alleged violation of his rights, Plaintiff's individual capacity claims against the Individual Defendants are also dismissed.

While the Individual Defendants are entitled to the dismissal of the claims against them, the Court finds that dismissal without prejudice is the appropriate outcome on the present motion. Defendants bore the burden of proving their affirmative defense of qualified immunity. *Thomas*, 463 F.3d at 292. Although it is certainly true that Plaintiff has failed to plead the context of his claims, so too have Defendants failed to provide such information to the Court to demonstrate that dismissal with prejudice on immunity grounds is warranted. In point of fact, Defendants' qualified immunity arguments in briefing consist of the legal standard and a mere two sentences of analysis, which simply incorporate the general Rule 12(b)(6) arguments based on Rule 8 pleading deficiencies that follow. Therefore, the Court is left unable to evaluate Defendants' claims of qualified immunity, and dismisses the individual capacity claims against the Individual Defendants brought in Plaintiff's Amended Complaint without prejudice on the inadequacy of the pleadings.

In opposition, Plaintiff, proceeding *pro se*, objects that it should not be possible for this Court to find his pleadings inadequate, after Judge Pisano and Magistrate Judge Bongiovanni expressed in their orders at the screening stage that he had met Rule 8(a)'s requirements. *See* ECF Nos. 8, 14. It is true that the legal standard for dismissing a complaint for failure to state a claim at the screening stage, pursuant to § 1915, is identical to the legal standard employed in ruling on 12(b)(6) motions. *Courteau v. United States*, 287 Fed. Appx. 159, 162 (3d Cir. 2008)

(citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). It is also undisputed that another judge in this District, prior to the transfer of Plaintiff's case to me, determined at the screening stage that the Amended Complaint complied with the requirements of Rule 8(a). That Plaintiff's Amended Complaint satisfies Rule 8(a) would thus appear to be law of the case.

"The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." *Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.,* 123 F.3d 111, 116 (3d Cir.1997). The rule was developed "to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *In re Pharmacy Benefit Managers Antitrust Litig.,* 582 F.3d 432, 439 (3d Cir.2009) (internal quotation marks and citation omitted). Law of the case is a matter of a court's discretion, but a court faced with revisiting a prior decision in the case "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice." *Id.* (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)). In addition, a court may revisit its own decisions or one of a coordinate court where (1) new evidence is available; (2) "a supervening new law has been announced"; or (3) "whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result." *Id.*

This Court nevertheless finds that dismissal of the individual capacity claims in Plaintiff's Complaint for failure to state a claim is appropriate. Firstly, 28 U.S.C. § 1915(e)(2)(B)(ii) directs that "the court shall dismiss the case *at any time* if the court determines that—the action . . . fails to state a claim on which relief may be granted." *Id.* (emphasis added). This Court therefore remains under a continuing obligation to dismiss Plaintiff's inadequately pleaded claims, despite the previously assigned judge's prior impression. Moreover, upon first

consideration, the prior judge did not have the benefit of Defendants' briefing, and other courts to have considered this question have found that "[t]he right of a defendant to bring a motion to dismiss for failure to state a claim . . . is not foreclosed by a district court's prior finding, during *sua sponte* screening of a civil action filed by an *in forma pauperis* [plaintiff], that the [plaintiff] stated a claim." *Paladino v. Newsome*, No. CIV. 12-2021, 2013 WL 3270987, at *4 (D.N.J. June 27, 2013), *on reconsideration in part*, No. CIV. 12-2021, 2013 WL 5161144 (D.N.J. Sept. 12, 2013). *See also Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) ("the *sua sponte* screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring"). *See also Fattah v. Symons*, No. 3:CV-10-1607, 2015 WL 5512344, at *3 (M.D. Pa. Sept. 16, 2015) (same, collecting cases).

Even were Plaintiff correct that the prior judge's determination that the Amended Complaint satisfies Rule 8(a) should be considered law of the case, I would nevertheless find revisiting the decision and dismissing the Amended Complaint to be necessary. The prior holding would result in manifest injustice if left undisturbed, as I am unable to evaluate Plaintiff's claims or Defendants' affirmative defense due to Plaintiff's failure to plead facts claiming the violation of a statutory or constitutional right, and failure to identify which Individual Defendants are alleged to have done what and when. In the absence of even the most basic allegations of personal involvement of the Individual Defendants, it is impossible that the individual capacity claims in Plaintiff's Amended Complaint proceed as drafted.

C. Leave to Amend

The Court notes that the Third Circuit has held that "[a] district court should not dismiss a *pro se* complaint without allowing the plaintiff leave to amend unless amendment would be futile." *Hill v. Rozum*, 447 F. Appx. 289, 290 (3d Cir. 2011) (citing *Alston v. Parker*, 363 F.3d

16

229, 235 (3d Cir. 2004)). Plaintiff will be granted leave to amend in this case, as it is not apparent on the face of the pleadings, or from Defendants' moving papers, that amendment would be futile. Plaintiff may be able to identify the personal involvement of the named Defendants in the alleged violations of his rights, and to specify the context of his denial of a hearing and transfer tending to show his entitlement to the same. Defendant may also be able to contextualize the "forged" letter so as to connect it to some violation of a statutory or constitutional right.

IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is granted with respect to Defendants Ann Klein on all bases and the Individual Defendants in their official capacities. Defendants' motion to dismiss the Amended Complaint against all Defendants, for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6) is also granted. Plaintiff's Complaint is therefore dismissed with prejudice against Defendant Ann Klein and against the Individual Defendants in their official capacities, and without prejudice against the Individual Defendants in their individual capacities. Plaintiff is granted thirty (30) days to file a Second Amended Complaint consistent with this Opinion. Order to follow.


Dated:      1/30/2018                           /s/ Freda L. Wolfson
                                        The Honorable Freda L. Wolfson
                                        United States District Judge